# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM BRADFORD, | ) |
| Plaintiff | ) ) ) |
| v. | ) No. 4:04CV1711 CDP ) |
| JANINE SEMAR, | ) ) |
| Defendant. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the applications of William Bradford, a civil detainee at the Missouri Sexual Offender Treatment Center located in Farmington, Missouri (MSOTC), for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the applications, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff seeks declaratory, injunctive, and monetary relief for alleged violations of his federally protected rights. Janine Semar, identified as the "Privacy Officer" at MSOTC, is named as the sole defendant.

Plaintiff states that he is being held at the MSOTC because he has been adjudicated a "sexually violent predator" by a state court in accordance with Missouri's Sexually Violent Predator Act (MSVPA), Missouri Revised Statute §§ 632.480 - .513. The gravamen of plaintiff's complaint concerns the procedure by

which detainees at MSOTC are permitted to make telephone calls to persons outside of the facility.

Specifically, plaintiff alleges that in order to make a telephone call detainees must tell MSOTC staff the name and telephone number of the person the detainee wishes to call. The staff then checks a "no call" list to determine whether the detainee is allowed to call that person and telephone number. According to plaintiff, a person may be on a detainee's "no call" list for various reasons -- for example, the person was the victim of the detainee's prior predatory sexual acts or the staff has determined that contact with that person is not consistent with the MSOTC treatment program. If the person is on the "no call" list, then the call is not allowed.

If the call is allowed, MSOTC will place the call as requested. Plaintiff asserts that when the call is answered by the recipient, however, the staff member states that he or she is calling from the MSOTC and that the call is from the detainee, and asks whether the recipient wishes to talk to the detainee or not. Plaintiff claims that this practice -- especially the announcement that the call is from a detainee at the MSOTC -- violates his constitutional right to privacy, the "privacy rule" of the Health Insurance Portability and Accountability Act (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and various state laws.

Plaintiff states that he informed defendant Semar of his objections to the

procedure -- especially his claim that the procedure violated HIPAA's "privacy rule" -- but that Semar informed him that the procedure was not in violation of HIPAA "due to the nature of [the] program and its mission to protect the community at large." Nevertheless, plaintiff asserts that Semar altered the procedure to require that detainees sign an authorization and waiver allowing MSOTC to inform recipients that a telephone call is coming from a detainee at MSOTC. Plaintiff alleges that he is now only allowed to call those persons who are not on the "no call" list and for whom he has specifically provided a waiver authorizing MSOTC to announce that the call is coming from a detainee at MSOTC. Plaintiff claims that this procedure also violates his constitutional rights.

## Discussion

As noted above, plaintiff is being held at MSOTC because a state court determined that he was a "sexually violent predator" -- that is, a person who suffers from a mental abnormality that makes him more likely to engage in predatory acts of sexual violence if not confined in a secure facility and who also (1) had been guilty of a sexually violent offense; (2) found not guilty by reason of mental disease or defect of a sexually violent offense; or (3) had been committed a criminal sexual psychopath. See Mo. Rev. Stat. § 632.480(5)(a) and (b). Upon the adjudication of plaintiff as a "sexually violent predator," the state's department of mental health is

4

required to keep plaintiff in a "secure facility." In short, plaintiff is a person who has a history of committing at least one sexually violent offense, is currently unable to control his behavior so as likely to commit sexually violent offenses in the future and, therefore, is segregated -- against his will -- from the rest of society for its protection and treatment.

### A. Constitutional privacy claim

Recognition of a constitutional right of privacy depends on whether the person seeking its protection has a legitimate expectation of privacy, one that is both subjective and recognized by society generally. Katz v. United States, 389 U.S. 347 (1967). Plaintiff objects to the announcement on the basis that it violates his right to keep the fact that he is a "patient" at MSOTC a secret. The Court notes, however, that the announcement -- as alleged in the complaint -- does not expressly identify plaintiff as a "patient" at MSOTC. Instead it merely informs the recipient that the call is being placed by someone at MSOTC. It is axiomatic that the very act of placing a telephone call from telephone equipment located at MSOTC necessarily reveals to certain third-parties -- for example, the telephone company that connects the call and bills for it -- that the call originates from the facility. The caller assumes the risk that this information will be disclosed. See e.g. Smith v. Maryland, 442 U.S. 735 (1979). Thus, the announcement that the call is coming from MSOTC

does not implicate a legitimate privacy right.

Even if the announcement reveals that plaintiff is a "patient" at MSOTC (i.e., a "sexually violent predator" who is being confined for security and treatment purposes), the Court finds that plaintiff does not have a constitutionally protected right to privacy that prohibits the defendant from disclosing such information. Presumably the determination that plaintiff was a "sexually violent predator" was made in open court and entered into the state court's public records. Additionally, because plaintiff gives his full name and states the reasons for his current detention in the instant complaint which, of course, is part of this Court's public record available to anyone with the time and interest to read it, there seems to be no secret that plaintiff is a person confined at MSOTC as a "sexually violent predator."[1] Given all of these circumstances plaintiff does not have a "legitimate expectation of privacy" prohibiting the disclosure of the fact that the state charged, proved, and is confining and treating him as a "sexually violent predator" at MSOTC. Cf. Paul v. Davis, 424 U.S. 693, 701, 713 (1976) (due process clause does not create a liberty interest in keeping the fact of one's incarceration secret because stigma associated with acknowledgement of incarceration is not sufficient to invoke its protection).

---

[1]This is not the only complaint in this Court in which plaintiff has identified himself as being detained at MSOTC. See e.g., Bradford v. Bellew-Smith, 4:05CV77(CDP) (E.D. Mo.); Bradford v. Meade, 4:04CV1710(CDP) (E.D. Mo.).

## B. HIPAA claim

In addition to violating a constitutional right to privacy, plaintiff claims that the announcement violates the privacy provisions of HIPAA which prohibit the unauthorized disclosure of certain medical information. Assuming for the sake of argument that the announcement does run afoul of HIPAA's privacy rules, the complaint should still be dismissed. Every court that has considered the issue has held that HIPAA does not create a private cause of action for violations of the act. See Johnson v. Quander, 370 F. Supp. 2d 79, 99-100 (D.D.C. 2005); Munoz v. Island Fin. Corp., 364 F. Supp. 2d 131, 136 (D. Puerto Rico 2005); Univ. of Co. Hosp. Auth. v. Denver Publ'g Co., 340 F. Supp. 2d 1142, 1145-46 (D. Colo. 2004); O'Donnell v. Blue Cross Blue Shield of Wy., 173 F. Supp. 2d 1176, 1179-80 (D. Wyo. 2001); See also Gaul v. Hughes Pharmacy Services Inc., 2005 WL 1491216 (N.D. Ia. June 23, 2005); Rigaud v. Garofalo, 2005 WL 1030196 (E.D. Pa. May 2, 2005); Johnson v. Parker Hughes Clinics, 2005 WL102968 (D. Minn. Jan. 13, 2005). Thus, plaintiff's allegation that the defendant violated HIPAA does not state a claim upon which relief may be granted.

### C. First amendment claims

HIPAA, however, does provide that the Secretary of Health and Human Services may pursue both civil and criminal penalties against individuals who improperly handle or disclose private health information. 42 U.S.C. §§ 1320d-5 to d-6. According to the complaint, defendant Semar denied plaintiff's charge that the announcement violated HIPAA. The complaint states that despite this denial, defendant Semar changed the telephone policy to require that detainees execute a HIPAA waiver allowing MSOTC to make the announcement for each person a detainee wishes to call. Plaintiff states that he has refused to execute any waivers and, therefore, he has been refused permission to make telephone calls. Plaintiff claims that both the announcement and the waiver requirement violate his first amendment rights.

While plaintiff does not surrender all constitutional rights by his lawful detention, the fact of detention -- along with the legitimate goals and policies of the detention facility -- does cause the necessary withdrawal or limitation of many privileges and rights. See Bell v. Wolfish, 441 U.S. 520, 545-46 (1979). The Supreme Court has held that there must be a "'mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.'" Id. at 546 (quoting Wolff v. McDonnell, 418 U.S. 539, 556

(1974)). Additionally, the Supreme Court has identified the maintenance of institutional security and the preservation of internal order and discipline as essential goals that may require limitation or retraction of retained constitutional rights. Bell v. Wolfish, 441 U.S. at 546-47. Finally, the Supreme Court has stated that detention facility administrators should be given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve . . . institutional security . . . and, in the absence of substantial evidence in the record to indicate that officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." Id. at 547-48.

Plaintiff's complaint acknowledges that defendant Semar has a legitimate interest in limiting plaintiff's communications with those outside of MSOTC both for the protection of those persons and for treatment purposes. Indeed, plaintiff's complaint sets forth various alternative ways the defendant may further those interests without the announcement. Consequently, the gist of plaintiff's claim is that these legitimate interests can be served by means other than the announcement and, therefore, the defendant's decision to continue with the announcement violates

his first amendment rights.[2]

While alternatives may be a factor in determining whether defendant Semar has "exaggerated her response" to MSOTC's legitimate security and treatment interests, the possibility of alternatives -- standing alone -- does not make Semar's actions unconstitutional. As noted above, defendant Semar's implementation of the announcement as a means for putting those outside the detention facility on notice concerning the detainee's status is entitled to "wide-ranging deference." Furthermore, both experience and observation demonstrate that those who prey on others have utilized all manner of communications (e.g., telephone, internet, etc.) to lure their victims. Consequently, this Court cannot conclude that the defendant's actions constitute an "exaggerated" response to the legitimate interest MSOTC has in protecting society from a detainee's predatory nature.

With regard to the waiver requirement, the complaint indicates that the requirement was, in part, a response to plaintiff's charge that the telephone announcement violated HIPAA. Given the litigious nature of plaintiff and other

---

[2]Plaintiff asserts, for example, that the "no call" list provides complete protection from those who might be bothered or harassed by plaintiff's calls. The Court notes, however, that in the absence of the announcement a person or business that is bothered or harassed by calls from a detainee wouldn't necessarily know where or how to get on a "no call" list. That is, if there is no announcement by MSOTC staff, it is entirely up to the detainee whether to reveal the fact of his detention to the person or business. If a detainee chooses not to disclose the fact of detention to the person or business called, then it is unclear how plaintiff expects the person or business to contact the detention facility if the person or business feels threatened or harassed.

detainees at MSOTC[3], the state has a legitimate interest in foreclosing future claims that the announcement violates HIPAA -- on the off-chance that the Secretary of Health and Human Services agrees with plaintiff rather than defendant concerning HIPAA's application to the announcement -- by obtaining waivers from the detainees.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [Docs. #1 and #5] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 28th day of July, 2005.

_____
**UNITED STATES DISTRICT JUDGE**

---

[3]Plaintiff has filed no fewer than eleven actions concerning the either the fact of his detention or the conditions of confinement at MSOTC. Seven of these actions have been filed since the beginning of this year.